## PRAIRIE PIPE LINE CO. v. DODD et al.

No. 21424. Opinion Filed Dec. 9, 1930.

T. J. Flannelly, Paul B. Mason, and Burford, Miley, Hoffman & Burford, for petitioner.

Phillips & Lamore, for respondents.

HEFNER, J. This is an application to review an award made by the State Industrial Commission. The claimant, David S. Dodd, at the time of the injury was an employee of the Prairie Pipe Line Company and was assisting in constructing a pipe line. Some of the workmen moved a fence and pulled up a post. The claimant, while carrying some heavy skids, stepped in the post hole with his left foot, fell, turned loose of the skids and caught with his hands and right knee.

After a hearing before the Commission it found that on and prior to August 29, 1929, the claimant was employed by the respondent, the Prairie Pipe Line Company, and engaged in a hazardous occupation covered by and subject to the provisions of the Workmen's Compensation Laws (Comp. St. 1921, sec. 7283) and that claimant sustained an accidental personal injury by reason of stepping in a hole and injured both legs and both of his feet, and that he was unable to work from the date of his injury.

Respondent says, in its brief, whether or not the disease resulted from the accidental injury received in and arising out of the course of employment was the sole question involved.

There is much evidence tending to show that the injury was not the result of the accident sustained. Still, we cannot say that the record does not contain any competent evidence supporting the findings of the Commission. It is the duty of this court to review the evidence only for the purpose of determining whether or not there is any competent evidence tending to support the award of the Commission, and if there is no evidence tending to support the award, the judgment must be set aside. It is equally well settled that if there is any competent evidence tending to support the award of the Commission, its judgment will not be disturbed. While there is much testimony in this record tending to show that the injury was caused from what we might term a rheumatic condition rather than the accident, still there is some evidence in the record in support of the judgment of the Commission. Under these conditions it follows that the application to vacate the award of the Commission must be denied.

MASON, C. J., LESTER, V. C. J., and RILEY, CULLISON, SWINDALL, and ANDREWS, JJ., concur. HUNT and CLARK, JJ., absent.